**UNITED STATES of America,**
**Plaintiff,**

v.

**190.71 ACRES OF LAND, MORE OR LESS, IN LAKE COUNTY, ILLINOIS, Corbetta-Price Co., Inc., et al., Defendants.**

**No. 59 C 526.**

United States District Court
N. D. Illinois, E. D.

Sept. 9, 1959.

R. Tieken, U. S. Atty. for the Northern Dist. of Illinois, Luther D. Swanstrom and James L. Donnelly, Asst. U. S. Attys., Chicago, Ill., for the Government, plaintiff.

McGovern, Vincent & Connelly, New York City, Harshman, Young, Colvin & Alexander, Dayton, Ohio, and Gann, Secord, Stead & McIntosh, Chicago, Ill., for defendant.

IGOE, District Judge.

The United States, on April 1, 1959, filed a declaration of taking and notice of condemnation of the right, title and interest of Corbetta-Price Co., Inc. to Forrestal Village, a "Wherry" project, completed by defendants in 1951, comprising 1,000 dwelling units of one-story individual, one-story duplex and two-story multi-family type houses constructed on 190 acres of land enclosed by a fence, under three separate leases from the United States at Great Lakes Naval Base, Illinois, approximately 35 miles from Chicago. In addition to the dwellings, defendants constructed paved streets and roadways, curbs, sewers, water, electrical and gas systems and landscaping. Title to all improvements, when completed, vested in the United States, and the interest of defendants, under the leases, is limited to the operation, management, maintenance, collection of rents and making the required mortgage payments. The gross term of the leases is seventy-five years, with reservation to the United States to terminate one of the leases in fifty years and the other two in thirty-nine years.

The issue to be determined is the equity of the lessees on April 1, 1959, over the unpaid mortgages. The United States contends the sum of $709,000, fixed by its appraisers and paid to defendants, represents just and complete compensation, and further claims by defendants, over and above the said amount, should be determined by a jury for which the United States has made a timely demand. Defendants do not contest the taking, but allege the appraisals of the Government are inadequate, incomplete, and deprive defendants of just compensation under the laws of condemnation. Defendants contend there is no inherent right to trial by jury in cases of this character, and support their views by the cases cited in their brief.

The issue before the Court is the motion of defendants for the Court to exercise its vested discretion by denying the right to trial by jury to the Government, and in lieu thereof, to appoint a commission of three competent persons under Fed.Rules Civ.Proc. rule 71A(h), 28 U.S.C.A. and the authority of 42 U.S. C.A. § 1594(a), on the grounds the character of the evidence is voluminous, involved and technical, and the attending complexities inherent in finding just compensation for an entire village are beyond the capacities and capabilities of a jury.

In substance, the Government contends the dwellings are typical in their respective classifications, and it is unnecessary for a jury to examine more than one of each class; that a commission creates additional expense, delays the proceedings and ultimately the Court must review the evidence supporting its findings and recommendations; that there is but one defendant, rather than numerous defendants with divergent interests; that in this jurisdiction no commission has been appointed in a "Wherry" project or "Nike" base condemnation case; that under the Rule, references to commissions are the exception, not the rule; that a party should not be denied a trial by jury unless the Court is satisfied there are compelling reasons that in the interest of justice a more fair result would be reached by a commission rather than a jury; and finally, the alleged complexities and technicalities of defendant's evidence do not meet the requirement of the extraordinary, unique or particularly difficult problems contemplated by the Rule. Therefore, defendant's contentions are insufficient to warrant a departure from the usual and customary procedure of a jury trial.

The Court is of the opinion that parties to a condemnation suit under Rule 71A(h) are ordinarily entitled to a jury trial as a matter of right. When timely demand is made, the Court is required to grant a jury trial unless there are present facts, which because of character, location or quantity of property, or other compelling reasons, the due administration of justice requires the appointment of a commission to determine values and just compensation.

The present litigation is a typical "Wherry" project condemnation, and while in some instances, under agreement, the issues have been determined by a Court, there appears to be no valid objection that juries have been unable to arrive at just determinations of values and compensation.

The allegations and representations comprising the motion, under the interpretations of the Rule as noted in the brief on behalf of the Government, convince the Court the alleged complexities and technical nature of the evidence to determine values and just compensation in this case fall short of the intent of the Rule for denial of a trial by jury, and accordingly, the motion of defendants is hereby denied. This cause is hereby set for trial by jury on November 9, 1959.